IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LETICIA ANGELI MCWILLIAMS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-912-O |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Leticia Angeli McWilliams, a state prisoner confined in the Tarrant County jail in Fort Worth, Texas, against Dee Anderson, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed without prejudice on exhaustion grounds.

**I. BACKGROUND**

Petitioner asserts that by way of this petition she challenges the revocation of her community supervision in cause number 1174887D in the Criminal District Court No. 3 of Tarrant County, Texas, a disciplinary proceeding, and the denial of parole. Pet. 2, 6-7; ECF No. 1. Petitioner has filed a direct appeal, presumably challenging the revocation proceedings, which remains pending in the Second District Court of Appeals of Texas at this time. *See* Tex. Judicial Branch, No. 02-14-142-CR, available at http://www.txcourts.gov.

**II. DISCUSSION**

Title 28, United State Code, Section 2243 authorizes a district court to summarily dismiss

a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

Petitioner's federal habeas petition arises under 28 U.S.C. § 2254, which provides, in relevant part:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> **(B)(i)** there is an absence of available State corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Id.*, § 2254(b)(1)-(2), (c).

It is well established that a prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims through available state procedures prior to requesting federal collateral relief. *Id.*; *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal claims raised therein. *Whitehead,* 157 F.3d at 387. The exhaustion requirement is satisfied by presenting the substance of the federal habeas claim to the highest court in the state *via* direct appeal or state habeas application or by presenting the claim to prison officials *via* prison

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

administrative procedures. *Id.*; *Baxter v. Estelle,* 614 F.2d 1030, 1031-32 (5th Cir. 1980).

It is clear from the face of the petition that Petitioner has not availed herself of the relevant state court and/or administrative remedies available to her. Petitioner must first pursue her claims, both, through state administrative process, if necessary, and/or state court remedies. Only after her state remedies are concluded may she seek federal habeas relief pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Absent a showing that state remedies are inadequate, Petitioner cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of the petition for lack of exhaustion is warranted so that Petitioner can fully exhaust her state remedies and then return to this court, if she so desires, after exhaustion has been properly and fully accomplished.

**III. CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2245 is DISMISSED without prejudice for failure to exhaust state remedies. Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 20th of November, 2014.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3